UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. 1:21-CR-00313-TJK-1 |
| ANDREW JACKSON MORGAN | § § § | |

**DEFENDANT ANDREW JACKSON MORGAN'S SENTENCING MEMORANDUM**

TO THE HONORABLE TIMOTHY J. KELLY, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

Andrew Jackson Morgan, by and through his counsel, hereby respectfully requests that this Court impose a sentence of 36 months' probation and restitution of $500, consistent with the recommendation of the U.S. Probation Office and the bottom of his proposed Guidelines range. *See* Doc. No. 62; PSR at ¶ 78.

Mr. Morgan pleaded guilty to one misdemeanor count of entering or remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1). He accepts responsibility for and acknowledges the wrongfulness of his actions on January 6, 2021. He traveled to Washington D.C. on that day as a self-reported independent journalist, expecting to document "something unprecedented." *See* PSR at ¶ 26. He expressed concerns that the government had been hijacked and joined other protestors in the restricted area outside the U.S. Capitol. While he never physically entered the building or engaged in any destruction or violence, he encouraged others to engage in reprehensible conduct, shouted at police officers, and videotaped much of his behavior. That he encouraged rather than engaged in the worst behavior of the day is an important consideration, but does not excuse his conduct. Mr. Morgan is remorseful and has since ceased the type of citizen

journalism and auditing that led him to his misconduct. He agrees that a term of probation is appropriate.

Congress has directed courts to impose sentences "sufficient but not greater than necessary" to comply with the four statutorily defined purposes in 18 U.S.C. § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

To achieve these purposes, courts are directed to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the available sentences; a policy favoring uniformity in sentences for defendants who commit similar crimes; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Mr. Morgan's history and characteristics support Probation's Sentencing Recommendation. *See* 18 U.S.C. § 3553(a)(1). Mr. Morgan is a 62-year-old experienced arborist, who owns his own business, and often assists with emergency services in the aftermath of hurricanes and other storms. *See* PSR at ¶ 73. He has been married to his wife Sheila since 2008, has four children of his own, is stepfather to Sheila's two adult children, and he and Sheila have fourteen grandchildren. *See* PSR at ¶ 59-62. He and his wife work as ministry leaders and with a non-profit organization creating a gated homeless community. *See* PSR at ¶ 63. He previously considered himself a "First Amendment auditor," but since the events of January 6 has stopped. *See* PSR at ¶ 64. Mr. Morgan has a limited criminal history. As explained by Probation, Mr. Morgan has one criminal history point, has gotten sober since his past unscorable drug arrests, and has complied with pretrial release conditions. *See* Doc. No. 62 at 1. He has been sober for nearly

2

20 years but, prior to that, struggled with substance abuse, which played a significant role in his minor drug and other criminal offenses between 1979 and 2000. *See* PSR at ¶ 42-47, 69-70. None of that history is scorable, and Mr. Morgan's only conviction in recent years was interfering with public duties, for which he received a suspended 15-day sentence. *See* PSR at ¶ 48. His history does not suggest a need for incarceration.

      The nature and circumstances of Mr. Morgan's offense also support a probation sentence. *See* 18 U.S.C. § 3553(a)(1). He acknowledges his regrettable conduct on January 6, and recognizes that the broader January 6 incident has rightly merited serious penalties for the most culpable offenders. The Government has also elsewhere proposed a series of metrics for assessing the relative culpability of January 6 defendants. *See, e.g.*, *United States v. Thomas Munn*, No. 1:21-cr-3474-BAH, Doc. No. 102 at 15 (D.D.C. Sept. 28, 2022). These include: (1) whether, when, and how the defendant entered the Capitol building (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) defendant's reaction to acts of violence or destruction; (5) whether, during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from police officers; and (9) whether the defendant demonstrated sincere remorse and contrition. Of course, these metrics are non-exhaustive, and reflect the views of the Government, but they support a non-carceral sentence for Mr. Morgan.

      Mr. Morgan observed and encouraged certain of the events of January 6, but he himself did not enter the Capitol building, commit any violence, organize the events of the day, engage in any after-the-fact obstructive behavior, or destroy any property. He considered himself an independent journalist and videotaped much of his activity on January 6. *See* Doc. No. 60 at 5. He clearly does not dispute—and regrets—the things he said that day. His immediate social media

3

activity included similar sentiments to those expressed on January 6, but he has since offered his remorse and pleaded guilty to a misdemeanor. He cooperated with law enforcement and provided a detailed statement about his conduct. *See* Doc. No. 60 at 10-11. Because he committed no actual violence or damage, did not organize the events of the day, and did not enter the Capitol building at all, let alone for an extensive period of time, Mr. Morgan is considerably less culpable than the vast majority of those convicted in connection with the events of January 6.

As part of this Court's consideration of Mr. Morgan's relative culpability, and its need to avoid sentencing disparities, it should consider other January 6 sentencing practices. *See* 18 U.S.C. § 3553(a)(6). As of August 25 2023, 45 January 6 defendants had been sentenced for § 1752(a)(1) convictions, with 14 receiving no jail time (including probation and home confinement sentences) and 31 receiving some jail time (most of which ranged from 10 days to 4 months). *See* DEPARTMENT OF JUSTICE, Table of Sentences Handed Down in Capitol Breach Cases, available at: https://www.justice.gov/usao-dc/capitol-breach-cases. Only one of those defendants was sentenced to the 6 months that the Government recommends here, and that defendant physically entered the Capitol building. *See United States v. Billy Knutson*, No. 1:22-cr-031-FYP (D.D.C.) (entered the Capitol and received 6 month's incarceration). Giving Mr. Morgan such a sentence would incorrectly indicate that he is the most culpable of all § 1752(a)(1) offenders, despite the mitigating circumstances identified above. Indeed, virtually every defendant who received a jail sentence for a § 1752(a)(1) conviction physically entered the Capitol and, often, engaged in other more serious conduct.[1] Moreover, the defendants that the Government offers as comparisons to

---

[1] *See, e.g.*, *United States v. Bryan Betancur*, No. 1:21-cr-051-TJK (D.D.C.) (entered the Capitol while on probation, waved a confederate flag and flashed white supremacist signals, and received 4 months' incarceration); *United States v. Elliot Bishai*, No. 1:21-cr-0282-TSC (D.D.C.) (entered the Capitol and received 14 days incarceration); *United States v. James Bonet*, No. 1:21-cr-0121-EGS (D.D.C.) (entered the Capitol and smoked marijuana inside and received 3 months' incarceration); *United States v. Gracyn Courtright*, No. 1:21-cr-072-CRC (D.D.C.) (entered the Capitol and received 30 days' incarceration); *United States v. Jeffrey Finley*, No. 1:21-cr-0526-TSC (D.D.C.) (Proud Boys leader who entered the Capitol

4

Mr. Morgan received lower sentences than the Government proposes here for more serious conduct. *See* Doc. No. 60 at 19-21. One, Mr. Tanios, provided pepper spray that was used in a vicious assault on police officer, and received 5 months in jail. *See id*. The other, Mr. Liu, physically entered the Capitol and received four months' incarceration. *See id*. A sentence of probation will adequately address the § 3553 factors and distinguish Mr. Morgan from more culpable defendants who received jail time.

---

and received 75 days' incarceration); *United States v. Samuel Fisher*, No. 1:21-cr-0142-CJN (D.D.C.) (entered the Capitol and received 4 months' incarceration); *United States v. Daniel Goodwyn*, No. 1:21-cr-0153-RBW (D.D.C.) (Proud Boys member who entered the Capitol and received 60 days' incarceration); *United States v. Jeffrey Grace*, No. 1:21-cr-0296-RDM (D.D.C.) (entered the Capitol and received 75 days' incarceration); *United States v. John Heneghan*, No. 1:22-cr-061-RBW (D.D.C.) (twice entered the Capitol, including the Speaker's suite, and received 20 days' incarceration); *United States v. Daniel Herendeen*, No. 1:21-cr-0278-BAH (D.D.C.) (entered the Capitol, including the crypt, and received 14 days' incarceration); *United States v. Emily Hernandez*, No. 1:21-cr-0747-JEB (D.D.C.) (entered the Capitol, including the Speaker's suite, committed acts of vandalism, and received 30 days' incarceration); *United States v. James Horning*, No. 1:21-cr-0275-ABJ (D.D.C.) (entered the Capitol and received 30 days' incarceration); *United States v. Annie Howell*, No. 1:21-cr-0217-TFH (D.D.C.) (entered the Capitol and received 60 days' intermittent incarceration); *United States v. Elias Irizarry*, No. 1:21-c-r0282-TSC (D.D.C) (entered the Capitol carrying metal pole and received 14 days' incarceration); *United States v. Adam Johnson*, No. 1:21-cr-648-RBW (D.D.C.) (entered the Capitol and received 75 days' incarceration); *United States v. Carol Kicinski*, No. 1:22-cr-061-RBW (D.D.C.) (twice entered the Capitol, including the Speaker's suite, and received 20 days' incarceration); *United States v. Billy Knutson*, No. 1:22-cr-031-FYP (D.D.C.) (entered the Capitol and received 6 month's incarceration); *United States v. Jia Liu*, No. 1:21-cr-0711-TJK (D.D.C.) (entered the Capitol and received 4 months' incarceration); *United States v. Michael McCormick*, No. 1:21-cr-710-TSC (D.D.C.) (entered the Capitol and received 14 days' incarceration); *United States v. Brian McCreary*, No. 1:21-cr-0125-BAH (D.D.C.) (twice entered the Capitol and received 42 days' intermittent incarceration); *United States v. Kelly O'Brien*, No. 1:21-cr-0633-RCL (D.D.C.) (entered the Capitol and received 3 months' incarceration); *United States v. Blake Reed*, No. 1:21-cr-0204-BAH (D.D.C.) entered the Capitol and took steps to conceal his conduct and received 42 days' intermittent confinement); *United States v. Leonard Ridge IV*, No. 1:21-cr-0406-JEB (entered the Capitol and received 14 days' incarceration); *United States v. Deborah Sandoval*, No. 1:21-cr-195-CKK (D.D.C.) (entered Capitol and received 5 months' incarceration); *United States v. Robert Schornak*, No. 1:21-cr-0278-BAH (D.D.C.) (entered the Capitol and removed an American flag and received 28 days' intermittent confinement); *United States v. Melody Steele-Smith*, No. 1:21-cr-077-RDM (D.D.C.) (entered the Capitol and received 90 days' incarceration); *United States v. William Tryon*, No. 1:21-cr-0420-RBW (D.D.C.) (entered the Capitol and received 50 days' incarceration); *United States v. Dana Winn*, No. 1:21-cr-0139-TNM (D.D.C.) (entered the Capitol and received 10 days' incarceration).

For the foregoing reasons, Mr. Morgan respectfully submits that a sentence of probation, as recommended by the U.S. Probation Office is sufficient, but not greater than necessary, to comply with § 3553.

                Respectfully Submitted,

                MAUREEN SCOTT FRANCO
                Federal Public Defender

                /S/
                JOHN P. CALHOUN
                Assistant Federal Public Defender
                Western District of Texas
                Richard C. White Federal Building
                700 E. San Antonio, D-401
                El Paso, Texas 79901
                (915) 534-6525
                *Attorney for Andrew Jackson Morgan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2023, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF, which will send notification of such filing to the following:

AUSA James Dennis Peterson
DOJ-CRM
1331 F Street
6th Floor
Washington DC 20530

                                                /S/
                                      JOHN P. CALHOUN
                                      *Attorney for Andrew Jackson Morgan*